UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
NO. 3:16-CR-161-FDW

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| | ) | ORDER |
| v. | ) | |
| | ) | |
| MONICO URAGA ARANZUBIA, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT MONICO URAGA ARANZUBIA *pro se* moves the Court to reduce his sentence under the First Step Act of 2018[1] and Amendments 782 and 788 to the United States Sentencing Guidelines (Doc. No. 108).[2] Defendant also asks this Court to grant him good-time credits, made available under section 102(b) of the First Step Act. Id.

Because Defendant was sentenced well after the effective dates of the Fair Sentencing Act and Amendments 782 and 788 of the Sentencing Guidelines and already received any benefit provided under the Act or Amendments, he is not eligible for a sentence reduction.

Additionally, because the Bureau of Prisons possesses sole authority to calculate and award good-time credits, this Court lacks authority to grant Defendant the sentence-calculation relief he requests.

THEREFORE, Defendant's Motion will be DENIED.

---

[1] Pub. L. 115-135 (2018).

[2] Defendant's motion is entitled "Defendant's Motion for Sentence Modification or Reduction (As Per) Law and Rule Cited Herein."

## BACKGROUND

In June of 2016, a federal grand jury charged Defendant with conspiracy to distribute and possess with intent to distribute at least 5 kilograms of powder cocaine, 21 U.S.C. § 846, and possessing with intent to distribute at least 5 kilograms of powder cocaine, 21 U.S.C. § 841. WDNC Case No. 3:16CR161, Doc. 16. Six months after he was indicted, Defendant agreed to plead guilty to the conspiracy offense and admitted that more than 15 kilograms but less than 150 kilograms of powder cocaine were reasonably foreseeable to him. Id., Doc. 56 ¶¶ 1, 8(a).

Based on a total offense level of 33 and a criminal-history category of I, the probation office determined that the Sentencing Guidelines advised a sentence of between 135 and 168 months in prison. Id., Doc. 82 ¶ 61. The parties agreed, however, that Defendant should not receive an offense-level increase for role in the offense and was eligible for a safety-valve adjustment, reducing the advisory Sentencing Guidelines range to between 87 and 108 months in prison. Id., Doc. 89. The parties also agreed to recommend a sentence of 87 months in prison, at the low end of that range. Id. This Court accepted the parties' recommendation and sentenced Defendant to 87 months in prison in April of 2017. Id., Doc. 94 at 1–2.

## ARGUMENT

Defendant is not eligible for any of the relief he now seeks. Section 404 of the First Step Act gives retroactive effect to the changes made by Sections 2 and 3 of the Fair Sentencing Act of 2010. Section 404(b) of the Act provides that "[a] court that imposed a sentence for a covered offense may . . . impose a reduced sentence as if Section 2 or 3 of the Fair Sentencing Act of 2010, (Public Law 111-220; 124 Stat. 2372) were in effect at the time the covered offense was committed." 132 Stat. at 5222. Sections 2 and 3 of the Fair Sentencing Act increased the threshold quantities of crack cocaine that would subject a Defendant to particular mandatory-minimum

sentence and eliminated the mandatory-minimum sentence that previously applied to simple possession of crack cocaine. 124 Stat. at 2372. Section 404(c) of the Act makes clear that "[n]o court shall entertain a motion made under this section to reduce a sentence if the sentence was previously imposed . . . in accordance with the amendments made by sections 2 and 3 of the Fair Sentencing Act of 2010."

Defendant pleaded guilty to conspiracy to possess with intent to distribute at least 50 kilograms of powder cocaine in December of 2016, more than six years after the effective date of the Fair Sentencing Act. This Court sentenced Defendant five months later, in April of 2017.

Additionally, Defendant was charged with, and pleaded guilty to, a drug-trafficking offense involving only powder cocaine. The Fair Sentencing Act did not alter the statutory ranges applicable to powder cocaine offenses. Even if Defendant had been sentenced before the effective date of that Act, then, he would not be eligible for a sentence reduction under the First Step Act.

Amendment 782 became effective in November of 2014, more than three years before Defendant was sentenced. See U.S.S.G. amend. 782 (2014). Amendment 788 amended Sentencing Guidelines § 1B1.10 to provide for the retroactive application of Amendment 782. Defendant was sentenced well after the effective date of both amendments and received the benefit of those amendments.

Section 102(b) of the First Step Act amends 18 U.S.C. § 3624(b) to change the method by which the Bureau of Prisons ("BOP") must calculate good conduct time credits. 132 Stat. 5194, 5210. This Court, however, lacks jurisdiction to alter the good-conduct time awarded a defendant by the Bureau of Prisons: "After a district court sentences a federal offender, the Attorney General, though the BOP, has the responsibility for administering the sentence." United States v. Wilson, 503 U.S. 329, 335 (1992). The district court cannot award sentencing credits. United States v.

Pineyro, 112 F.3d 43, 45 (2d Cir. 1997).³ Instead, an inmate must exhaust his administrative remedies, and only then, if dissatisfied, may he seek review under a 28 U.S.C. § 2241 habeas petition. See, e.g., Reno v. Koray, 515 U.S. 50, 53 (1995) (describing procedural history of inmate's challenge to BOP credit determination); see also United States v. Pratt, 821 F. App'x 200, 202 (4th Cir. 2020) (unpublished decision).

CONCLUSION

Because Defendant was sentenced long after the Fair Sentencing Act and Amendments 782 and 788 became effective, he has already received any benefit those enactments provided. Furthermore, this Court is not authorized to calculate Defendant's good-time credits nor has Defendant exhausted his administrative remedies related to the calculation of those credits or sought habeas relief under 28 U.S.C. § 2241. Thus this Court lacks jurisdiction to grant Defendant any relief related to his good-time-credit calculation. For these reasons, the Court denies Defendant's motion for a reduced sentence and for good-time credits.

THEREFORE, Defendant's Motion for Sentence Modification or Reduction (As Per) Law and Rule Cited Herein (Doc. No. 105) is hereby DENIED.

IT IS SO ORDERED.

Signed: October 13, 2021

Frank D. Whitney
United States District Judge

---

³ See also United States v. Cobleigh, 75 F.3d 242, 251 (6th Cir. 1996); United States v. McGee, 60 F.3d 1266, 1272 (7th Cir. 1995); United States v. Checchini, 967 F.2d 348, 349–50 (9th Cir. 1992).